UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH CARTER**, <br><br> Plaintiff, <br><br> vs. <br><br> **GRETCHEN WHITMER,** **HEIDI WASHINGTON,** **and BRIAN SHIPMAN**, <br><br> Defendants. | **2:21-CV-13059-TGB-JJCG** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND DENYING AS MOOT THE MOTION FOR INTERVENTION** |

Kenneth Carter, a state prisoner confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* complaint for declaratory and injunctive relief. (ECF No. 1.) The defendants are Gretchen Whitmer, Governor of the State of Michigan; Heidi Washington, Director of the Michigan Department of Corrections; and Brian Shipman, Chairperson of the Michigan Parole Board. Carter alleges that he is serving a mandatory sentence of life imprisonment without the possibility of parole for first-degree murder and that this sentence violates his constitutional rights. He sues the defendants in their official capacities for declaratory and injunctive relief.

Another Michigan prisoner, Terrance Richardson, moves to intervene in this action for the same reasons that Carter asserts in his complaint. (ECF No. 6.) The Court has determined that Carter's

constitutional arguments are not cognizable in this civil rights action and that his arguments fail to state a claim for which relief may be granted. The Court, therefore, summarily dismisses the complaint and denies as moot Richardson's motion to intervene.

## I.  BACKGROUND

Carter alleges that he was convicted of first-degree murder in Kent County, Michigan and sentenced to mandatory life imprisonment for the murder.  Compl. (ECF No. 1, PageID.3, ¶ 11; *id.* at PageID.5-6, ¶¶ 19, 22, 25, 29).  In Michigan, a person who was sentenced to life imprisonment for first-degree murder is not eligible for release on parole.  *See* Mich. Comp. Laws § 750.316(1); Mich. Comp. Laws § 791.234(6)(a).

Carter contends that life imprisonment without eligibility for parole denies him a meaningful opportunity for release, despite his efforts at rehabilitation.  Compl. (ECF No. 1, PageID.6, ¶ 26).  He states that he has served twenty-one years in prison, that he has taken advantage of educational programs and other resources in prison, and that he is considered a model prisoner.  *Id.* at ¶ 27.  He asserts three causes of action, claiming that his sentence violates his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.* at PageID.2, ¶ 7.  Richardson alleges that he, too, was sentenced to life imprisonment for first-degree murder and that his sentence violates his rights under the Sixth, Eighth, and Fourteenth Amendments.  Mot. and Complaint (ECF No. 6).

2

## II.  LEGAL FRAMEWORK

The  Court  has  granted  Carter  permission  to  proceed  without prepaying the fees or costs for this action.  (ECF No. 4.)  The Court is required to screen an indigent prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute) (brackets in original).  A plaintiff must prove two things to prevail in an action under § 1983:  "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  DISCUSSION

#### A.  *Heck v. Humphrey*; *Wilkinson v. Dotson*

The Court begins its discussion by considering whether Carter has chosen the proper means for challenging his life sentence.  A complaint under 42 U.S.C. § 1983 ordinarily is not a proper remedy for a state prisoner who is challenging the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Additionally, as explained in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id.* at 486-87 (footnote omitted) (emphasis in original). Although Carter is not seeking money damages, *Heck* and other Supreme Court cases,

taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Section 1983 "remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Id.* at 81 (emphasis in original).

Carter has not shown that his life sentence was invalidated by state officials or called into question on federal habeas corpus review. And success in this case would necessarily demonstrate the invalidity of Carter's life sentence and ineligibility for parole. Because Carter's complaint implicates the duration of his confinement, the complaint falls within *Heck's* purview, and his claims are not cognizable in this civil rights action. *See Hill v. Snyder*, 878 F.3d 193, 207–08 (6th Cir. 2017).

5

### B. The Merits

Even if Carter's claims were cognizable in this § 1983 action, the claims lack merit for the following reasons.

#### 1. The Sixth Amendment Claim

Carter claims first that life imprisonment without parole violates his Sixth Amendment right not to have his maximum sentence increased by any facts other than a prior conviction. Compl. (ECF No. 1, PageID.7, ¶¶ 35-36). The Sixth Amendment "[b]y operation of the Fourteenth Amendment . . . is applicable to the States." *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 861 (2017) (citing *Duncan v. Louisiana,* 391 U.S. 145, 149–150 (1968)).

The United States Court of Appeals for the Sixth Circuit recently explained that, "[b]y operation of the Sixth Amendment, '[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" *Robinson v. Woods*, 901 F.3d 710, 715 (6th Cir. 2018) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). So, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

The Supreme Court applied *Apprendi* to a state sentencing-guidelines scheme in *Blakely v. Washington*, 542 U.S. 296, 303 (2004),

"and explained that . . . 'the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.'" *United States v. West*, 392 F.3d 450, 459–60 (D.C. Cir. 2004) (quoting *Blakely*, 542 U.S. at 303) (emphasis omitted).

In *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court further expanded on *Apprendi* and stated:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *See* [*Apprendi*, 530 U.S.] at 483, n. 10, 490, 120 S. Ct. 2348. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 103.

In Michigan, the sentence for first-degree murder is mandatory life imprisonment without the possibility of parole. *See* Mich. Comp. Laws § 750.316(1) (stating that a person who commits first-degree murder "shall be punished by imprisonment for life without eligibility for parole"). There is no harsher penalty in Michigan. Thus, the trial court could not have relied on any facts that increased the minimum or maximum penalty for Carter's crime. As such, Carter's Sixth Amendment claim does not warrant relief.

### 2.   The Eighth Amendment Claim

Carter alleges next that his sentence violates the Eighth Amendment, which applies to the States through the Fourteenth Amendment.  *Harmelin v. Michigan,* 501 U.S. 957, 962 (1991).  The Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const., amend. VIII.

The Supreme Court, however, "has held that life sentences for even nonviolent offenses are constitutional."  *United States v. Watkins*, 509 F.3d 277, 282 (6th Cir. 2007) (citing *Ewing v. California,* 538 U.S. 11, 30–31 (2003) (upholding a life sentence under California's recidivist statute for the theft of three golf clubs), and *Harmelin,* 501 U.S. at 994–95 (upholding a life sentence without the possibility of parole for possession of 672 grams of cocaine)).  "The Eighth Amendment . . . forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in the judgment).

If Harmelin's life sentence without the possibility of parole for a *nonviolent* crime is not cruel and usual punishment under Supreme Court precedent because it is not grossly disproportionate, this Court can hardly conclude that Carter's life sentence for the violent crime of first-degree murder somehow meets this standard.  "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense[.]"  *Id.* at 994.  And "[a] sentence within the statutory maximum

8

set by statute generally does not constitute 'cruel and unusual punishment'" under the Eighth Amendment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)).

Carter's sentence "is the second most severe known to the law," *Harmelin*, 501 U.S. at 996, and he implies that he is entitled to individualized resentencing due to his rehabilitation. But the Supreme Court has not required individualized sentencing "outside the capital context, because of the qualitative difference between death and all other penalties." *Id.* at 995. Carter's Eighth Amendment claim, therefore, fails to state a plausible claim for relief.

### 3. The Fourteenth Amendment Claim

Carter's third and final argument is that the failure to afford him a meaningful opportunity for release upon a demonstration of rehabilitation constitutes a denial of due process of law under the Fourteenth Amendment. Section 1983 actions based on deprivations of due process fall into two categories: violations of procedural due process and violations of substantive due process. *Braley v. City of Pontiac*, 906 F.2d 220, 224 (6th Cir. 1990). Because Carter has not specified the type of due process violation that occurred in his case, the Court will consider both types.

### a.  Procedural Due Process

Carter has not pointed to any procedural errors that occurred in his sentencing or in the decision to deny him consideration for parole, and the Supreme Court has said that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although states can create liberty interests, *see Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-63 (1989), there is no absolute right to parole under Michigan law.  *See* Mich. Comp. Laws § 791.234(11) (noting that a prisoner's release on parole ordinarily "is discretionary with the parole board"); *Morales v. Mich. Parole Bd.*, 260 Mich. App. 29, 39, 52; 676 N.W.2d 221, 229 (2003) (stating that "a prisoner has no right to parole").

Carter has no liberty interest in parole under federal or state law, "and where there is no life, liberty, or property interest, there is no due process protection." *Sova v. Holder*, 451 F. App'x 543, 547 (6th Cir. 2011) (citing *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006)).  Carter, therefore, has no right to relief under a procedural due process theory.

### b.  Substantive Due Process

"Violations of substantive due process are . . . divided into two kinds: (1) deprivation of a particular constitutional guarantee and (2) actions that 'government officials may not take no matter what procedural protections accompany them,' alternatively known as actions

10

that 'shock the conscience.'" *Braley*, 906 F.2d at 224-25.  Carter's arguments under the Sixth and Eighth Amendments lack merit, and even though his efforts at rehabilitation are commendable, his life sentence for murder, without the possibility of parole, does not shock the Court's conscience.  Thus, to the extent Carter raises a substantive due process claim, his claim does not warrant relief.

## IV.  CONCLUSION

For the reasons stated above, Carter's claims are not cognizable in this civil rights action, and even if they were, he has failed to state a claim for which relief may be granted.  Accordingly, the Court summarily **DISMISSES** the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Because Richardson seeks to raise the same arguments rejected here, the Court **DENIES** Richardson's motion for intervention (ECF No. 6) as moot.  The Court also **CERTIFIES** that an appeal from this order could not be taken in good faith.

**IT IS SO ORDERED**.

Dated:  September  9,   s/Terrence G. Berg
2022                          TERRENCE G.  BERG
                              UNITED STATES DISTRICT JUDGE